

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON GRAND JURY 2024
OCTOBER 1, 2024 SESSION

UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:24-cr-00096

21 U.S.C. § 841(a)(1)
21 U.S.C. § 856(a)(1)

BRIAN MCDEVITT, D.O.

SUPERSEDING INDICTMENT

The Grand Jury Charges:

BACKGROUND

At all times material to this Superseding Indictment:

1. Defendant BRIAN MCDEVITT, D.O., was a Doctor of Osteopathic Medicine licensed to practice medicine in the State of West Virginia.

2. Defendant BRIAN MCDEVITT, D.O., had an active Drug Enforcement Administration (DEA) registration number that allowed him to prescribe controlled substances, including Schedule II, III, and IV controlled substances, for legitimate medical purposes in the usual course of his professional medical practice and within the bounds of medical practice.

3. Under the Controlled Substances Act, Title 21, United States Code, Section 841(a) *et seq.*, and Title 21, Code of Federal Regulations, Section 1306.04, a prescription for a controlled substance is not legal or effective unless issued for a legitimate medical purpose by a practitioner acting in the usual course of

professional practice.

4. Defendant BRIAN MCDEVITT, D.O., routinely prescribed various Schedule II, III, and IV controlled substances, including, but not limited to, hydrocodone, buprenorphine, and clonazepam for his patients outside the usual course of professional practice and without a legitimate medical purpose.

## COUNTS ONE THROUGH SIXTEEN

On or about each of the dates listed below, at or near Chapmanville, Logan County, West Virginia, and within the Southern District of West Virginia, defendant BRIAN MCDEVITT, D.O., a registrant authorized to dispense controlled substances, knowingly and intentionally distributed a quantity of controlled substances outside the scope of professional practice and not for a legitimate medical purpose.

| Count | Patient | Controlled Substance | Schedule | Approximate Date of Distribution |
|---|---|---|---|---|
| 1 | K.M. | Clonazepam | IV | May 1, 2023 |
| 2 | K.M. | Clonazepam | IV | June 12, 2023 |
| 3 | K.M. | Clonazepam | IV | July 3, 2023 |
| 4 | S.E. | Clonazepam | IV | May 31, 2023 |
| 5 | D.F. | Hydrocodone | II | March 27, 2024 |
| 6 | S.F. | Buprenorphine | III | March 26, 2024 |
| 7 | B.M. | Hydrocodone | II | May 17, 2022 |
| 8 | B.M. | Alprazolam | IV | May 18, 2022 |
| 9 | B.M. | Hydrocodone | II | March 29, 2024 |
| 10 | B.M. | Alprazolam | IV | March 29, 2024 |
| 11 | A.S. | Hydrocodone | II | March 1, 2024 |
| 12 | J.S. | Oxycodone | II | March 24, 2023 |
| 13. | J.W. | Hydrocodone | II | November 10, 2023 |

| 14 | J.W. | Alprazolam | IV | November 10, 2023 |
| 15 | J.W. | Buprenorphine | III | December 8, 2023 |
| 16 | C.W. | Hydrocodone | II | April 1, 2024 |

Each in violation of Title 21, United States Code, Section 841(a)(1).

## **COUNT SEVENTEEN**

From in or around September 2020, through in or around June 2024, at or near Chapmanville, Logan County, West Virginia, and within the Southern District of West Virginia, defendant BRIAN MCDEVITT, D.O., did unlawfully and knowingly use and maintain a place located at 384 Main Street, Chapmanville, West Virginia 25508, for the purpose of distributing controlled substances outside the scope of professional practice and not for a legitimate medical purpose.

In violation of Title 21, United States Code, Section 856(a)(1).

## FORFEITURE

The allegations contained in Counts One through Seventeen of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to 21 U.S.C. § 853(a) and 28 U.S.C. § 2461(c).

Pursuant to 21, U.S.C. § 853(a), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure, and premised upon conviction of defendant BRIAN MCDEVITT, D.O., of the offenses in violation of 21 U.S.C. §§ 841(a)(1) and 856(a)(1), defendant BRIAN MCDEVITT, D.O., shall forfeit to the United States of America, any property, real or personal, constituting, or derived from, any proceeds traceable to the violations charged herein or, involved in or used to facilitate the commission of the offenses.

The property to be forfeited may include, but is not limited to:

1. Defendant's medical license to practice medicine issued to him by the State of West Virginia, Medical License No. 1665, issued in the name of Brian McDevitt.

2. The real property known as Chapmanville Medical Center located at 384 Main St., Chapmanville, WV 25508 described as follows:

    All of that certain lot or parcel of real estate, together with all and singular the improvements thereon and the appurtenances thereunto belonging or in any manner thereunto appertaining, situate, lying and being in the town of Champanville, Guyan District, Logan County, West Virginia, more particularly described as follows:

    BEGINNING at an iron pin at the point of intersection of the East line of W. Va. Route 10 and Elaine Drive; thence, with the South Line of Elaine Drive N. 88° 00' E. 111.4 feet to an iron pin; thence S. 0P 05' W 148.6 feet to an

iron pin; Thence N. 82° 55' W 1 1 0.0 feet to an iron pin on the East line of said State Route 10; thence, with the East boundary line of said State Route 10, N 7° 05' E 131.0 feet to the place of beginning; together with all and singular the improvements thereon and the appurtenances thereunto belonging or in any manner thereunto appertaining.

And being the same property conveyed to Brian J. McDevitt by Witael Limited Partnership, a Nevada limited partnership by a deed dated July 12, 2004, and recorded in the office of the Clerk of the County Commission of Logan County, West Virginia in Deed Book 568 at page 717.

Pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), if any of the property described above, as a result of any act or omission of a defendant:

a. cannot be located upon the exercise of due diligence;
b. has been transferred, sold to, or deposited with, a third party;
c. has been placed beyond the jurisdiction of the court;
d. has been substantially diminished in value; or
e. has been commingled with other property which cannot be divided without difficulty,

the United States intends to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

WILLIAM S. THOMPSON
United States Attorney

By: _____
OWEN A. REYNOLDS
Assistant United States Attorney